**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADAPTIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC, *et al*,<br><br>Defendants. | Case No. 5:13-cv-01774 PSG |
| ADAPTIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC, *et al,*<br><br>Defendants. | Case No. 5:13-cv-01776 PSG |
| ADAPTIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., *et al,*<br><br>Defendants. | Case No. 5:13-cv-01777 PSG |

Case No.: 13-1774
CASE MANAGEMENT ORDER

| | |
|---|---|
| ADAPTIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, *et al*,<br><br>Defendants. | Case No. 5:13-cv-01778 PSG |
| ADAPTIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, HTC CORPORATION, and HTC AMERICA, INC.,<br><br>Defendants. | Case No. 5:13-cv-01844 PSG |
| ADAPTIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., et al,<br><br>Defendants. | Case No. 5:13-cv-02023 PSG |

**CASE MANAGEMENT ORDER**

On July 16, 2013, the parties appeared for a case management conference. Based on the parties' Joint Case Management Statement and the discussions held at the case management conference,

IT IS HEREBY ORDERED that the deadline for joinder of any additional parties, or other amendments to the pleadings, without leave of the court was on April 22, 2013.

IT IS FURTHER ORDERED that the initial disclosures served by the parties on September 20, 2012 shall continue to govern in this case.

IT IS FURTHER ORDERED that the following schedule and deadlines shall apply to this case:

Case No.: 13-1774
CASE MANAGEMENT ORDER

| | |
|---|---|
| Claim Construction Tutorial | November 6, 2013 at 10:00 AM |
| Claim Construction Hearing | November 8, 2013 at 10:00 AM |
| Fact Discovery Cutoff | May 2, 2014 |
| Expert Witness Reports Due | June 27, 2014 |
| Close of Expert Discovery | August 29, 2014 |
| Deadline to File Dispositive Motions | September 12, 2014 |
| Last Day for Dispositive Motion Hearing | November 21, 2014[1] |
| Expert Discovery Cutoff | August 29, 2014 |
| Final Pretrial Conference | January 27, 2015 at 10:00 am |
| Initial Trial | February 9, 2015 at 9:30 am |

IT IS FURTHER ORDERED that the claim construction tutorial shall be three hours in length and split evenly between the two sides. The claim construction hearing itself will be four hours in length, split evenly between the two sides.

IT IS FURTHER ORDERED that privilege and work-product communications regarding these cases after the filing date of the respective original complaints do not need to be logged. Should one party believe that logging is necessary in the future, the parties shall meet and confer on the issue before presenting the dispute to the court.

IT IS FURTHER ORDERED that Plaintiff may take a maximum of 160 hours of total fact deposition testimony of the Related Action Defendants in the Related Actions, with not more than 50 hours to depose any one Related Action Defendant. The Related Action Defendants may take a collective maximum 160 hours of total fact deposition testimony of Plaintiff in all Related Actions, to be split according to agreement by the Related Action Defendants.

IT IS FURTHER ORDERED that no individual inventor or co-inventor of any of the patents-in-suit shall be deposed for more than a total of 12 hours for all of the Related Actions, collectively. To the extent that the parties in the Related Actions are also parties to the E.D. Texas actions addressed in the Joint Coordinated Case Management Statement, those parties shall cooperate to avoid redundant testimony of any individual 30(a)(1) or 30(b)(6) witnesses.

---

[1] Any such motions must be noticed in compliance with Civil Local Rule 7-2(a).

Case No.: 13-1774
CASE MANAGEMENT ORDER

IT IS FURTHER ORDERED that Plaintiff will be precluded from deposing any Verizon or AT&T Mobility employee or customer who has been previously deposed in one of the E.D. Texas actions, absent permission from the court upon a showing of good cause. Verizon and AT&T Mobility will coordinate scheduling of any such depositions in the E.D. Texas actions so that Related Defendants in the District have the opportunity to attend those depositions.

IT IS FURTHER ORDERED that the parties agree that where the deponent requires an interpreter, the side taking the deposition shall hire an official interpreter if the deponent (i) does not, or is not able to understand and speak in English, and (ii) states under oath that the deponent does not normally converse in English with others, including but not limited to work/business-related colleagues and third parties. The parties reserve the right to hire their own interpreter to verify the translation by the official interpreter.

IT IS FURTHER ORDERED that Plaintiff shall be allowed 20 common interrogatories to serve on all Related Action Defendants and up to 15 additional individual interrogatories to serve on each individual Defendants or Defendant Groups. The Related Action Defendants shall be allowed 20 collective interrogatories and 15 additional individual interrogatories per Defendant or Defendant Group.

IT IS FURTHER ORDERED that Plaintiff may serve up to 20 requests for admission collectively on the Related Action Defendants, and up to 20 additional individual requests for admission on each Defendant or Defendant Group. The Related Action Defendants shall be allowed 20 collective requests for admission and 20 additional individual requests for admission per Defendant or Defendant Group. Notwithstanding, the parties are allowed an unlimited number of requests for admission regarding admissibility of documents. Before serving any request for admission regarding admissibility of documents, the parties agree to request stipulation of admitting those documents, but if after two weeks no stipulation is agreed upon, then the requesting party may serve the request for admission.

IT IS FURTHER ORDERED that pursuant to the Federal Rules of Civil Procedure, there is no limit to requests for production.

Case No.: 13-1774
CASE MANAGEMENT ORDER

IT IS FURTHER ORDERED that pursuant to Federal Rule of Civil Procedure 26(b)(4), draft expert reports, notes, outlines, and any other writings leading up to expert final reports in the Related Actions shall be exempt from discovery. All communications with and all materials generated by a testifying expert with respect to his work on any of the Related Actions are also exempt from discovery, unless relied upon by the expert in forming his or her opinions. If an expert produces a report, the expert must produce his or her final report and all materials on which he or she relied.

IT IS FURTHER ORDERED that Plaintiff may depose each non-infringement expert for seven hours. Each Related Action Defendant or Defendant Group may depose each infringement expert testifying against it for seven hours.

IT IS FURTHER ORDERED that Plaintiff may depose each invalidity expert testifying against it for seven hours. Each Related Action Defendant or Defendant Group may depose each validity/invalidity expert for seven hours. If the same expert testifies against Plaintiff or Defendant/Defendant Group regarding both infringement and invalidity, then Plaintiff or Defendant/Defendant Group may depose that expert for 14 hours.

IT IS FURTHER ORDERED that each Plaintiff or Defendant/Defendant Group may depose each damages expert testifying against it for seven hours.

IT IS FURTHER ORDERED that as to other experts, the parties agree to confer in good faith on a reasonable number of hours of other expert depositions and shall submit the parties' competing proposals to the court in the event that they are unable to reach agreement.

IT IS FURTHER ORDERED that Plaintiff and Defendants HTC Corp. and HTC America, Inc. are referred to a magistrate judge settlement conference, to be completed within 90 days of the claim construction hearing.

IT IS FURTHER ORDERED that the parties shall comply with the Standing Order for Civil Practice in Cases Assigned for All Purposes to Magistrate Judge Paul S. Grewal (Dec. 2010), a copy of which is available from the Clerk of the Court,[2] with regard to the timing and content of the Joint Pretrial Statement, and all other pretrial submissions.

---

[2] A copy of Judge Grewal's standing order is also available on the court's website at www.cand.uscourts.gov by clicking first on the "Judges" button, then on Judge Grewal's name,

Case No.: 13-1774
CASE MANAGEMENT ORDER

IT IS SO ORDERED.

Dated: July 24, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

then on the link for "Magistrate Judge Grewal's Standing Orders," and finally on the link for "Judge Grewal's Civil Standing Order."

Case No.: 13-1774
CASE MANAGEMENT ORDER