HAYES
MESSINA
GILMAN
& HAYES
LLC

September 11, 2013

The Honorable Paul S. Grewal
United States Magistrate Judge
United States District Court
Northern District of California – San Jose Division

Re: Adaptix, Inc. v. Motorola Mobility LLC, et. al., 5:13-cv-01774 (PSG), Letter Brief Regarding Motorola Accused Devices in Adaptix's Infringement Contentions.

Dear Magistrate Judge Grewal,

Plaintiff, Adaptix, Inc. ("Adaptix"), hereby seeks a determination of whether it may add all of the accused Motorola Mobility LLC ("Motorola") devices identified in Adaptix's August 29, 2013 Supplemental Infringement Contentions pursuant to this Court's August 22, 2013 Order in Case Nos. 5:13-cv-01778 and -02023 (-1778 Dkt. 131). Motorola is similarly situated to the defendants in all other related cases—in this district as well as the pending cases in the Eastern District of Texas—and this Court's Order allowing Adaptix to amend its Infringement Contentions to include additional claims and devices is equally applicable to Motorola as all other defendants. Therefore, taking into consideration this Court's August 22, 2013 Order, Judge Craven's August 19, 2013 Order in the related Texas cases, and particularly Defendant's ability to unilaterally alter the Court's schedule to alleviate any alleged prejudice as a result of Adaptix's supplements, Adaptix should be allowed to include all accused Motorola devices contained it in its August 29, 2013 Infringement Contentions.

The Court has set this matter for hearing on September 20, 2013 at 10 a.m. (Dkt. No. 88).

I.   **Statement of the Facts**

Adaptix first served Motorola with its Preliminary Infringement Contentions on June 8, 2012. On August 13, 2012 Motorola filed a Motion to Change Venue, seeking to transfer the case to the Northern District of California. Shortly thereafter, on September 11, 2012, Chief Judge Davis of the United States District Court for the Eastern District of Texas consolidated eight co-pending Adaptix cases, including the instant case.

With the cases consolidated and the Motion to Change Venue pending, on or about November 2012, Motorola began demanding that Adaptix provide it with supplemental Infringement Contentions. Accordingly, Adaptix conducted a further investigation to determine whether its Infringement Contentions were sufficient or if they required supplementation. During this time, the parties held discussions regarding the merit, necessity, and feasibility of amending Adaptix's Infringement Contentions. While these events were unfolding, Hayes,

1

Bostock & Cronin, LLC ("HBC")[1], counsel for Adaptix, was also involved in trial preparation for a large unrelated case.  Additionally, the attorney responsible for the Adaptix matters at HBC abruptly and unexpectedly left the firm.  It was also at this time that Adaptix concluded its investigation, determining that due to the discovery of additional infringing devices, and additional infringed dependent claims, Adaptix needed to supplement its Infringement Contentions.

Thus, on or about April 3, 2013, Adaptix served its Proposed Supplemental Infringement Contentions on Motorola.  The supplemental Infringement Contentions clarified Adaptix's infringement contentions, and added the Motorola Droid 4, Motorola Droid Razr M, Motorola Droid Razr/ Razr HD, and the Motorola Xoom as accused products.  The Droid Razr M, and Droid Razr HD devices were released after the P.R. 3-1 deadline had passed, while the Droid 4, Droid Razr, and Xoom devices were not.[2]

Concurrently, on March 28, 2013, and April 3, 2013 respectively, Chief Judge Davis transferred six of the eight consolidated Adaptix cases to this Court, vacating his previous consolidation order and severing claims related to the Droid devices in Texas case 6:12-cv-0016, creating this case.  After the case at bar was transferred to this Court, there was a period of relative inactivity while the parties waited for the Case Management Conference to occur and the Scheduling Order to be issued.  In fact, in response to Adaptix's proposed supplements in the coordinated California cases, Motorola refused to address Adaptix's proposals until a new scheduling order had been entered.  Specifically, counsel for Motorola stated "we feel that a discussion of Adaptix's request to serve Supplemental Infringement Contentions is premature in light of the pending transfer of this case to the Northern District of California."  As a result, further discussions regarding Adaptix's supplemental Infringement Contentions were postponed until after the Case Management Order was entered.

During this time of relative inactivity, in the cases that remained in Texas, Adaptix moved the court to allow its supplemental Infringement Contentions.  Judge Craven granted Adaptix's Motion, allowing it to supplement all requested devices and additional claims.  Shortly thereafter, this Court also granted Adaptix's motion in the -1778 case to supplement its Infringement Contentions to add the same additional claims and similar devices.  The instant dispute arises with respect to the applicability of the Court's August 22, 2013 Order to the Motorola devices that were allegedly available prior to the P.R. 3-1 deadline.

## II.    Legal standards

Pursuant to P.R. 3-6(b), a patent owner may amend or supplement its infringement contentions with leave of the court "upon a showing of good cause."  This good faith inquiry considers (1) whether the moving party was diligent in amending its contentions, and (2) prejudice to the non-moving party.  *O2 Micro Int'l. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006).  Even if the moving party could have been more diligent, a court may find good cause to grant leave if there would be no undue prejudice to the non-moving party.  *See Bd. of Treasurers of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 2008 WL 624771, at *4 (N.D. Cal. Mar. 4, 2008) ([w]hile the timing of [plaintiff's] actions would normally weigh heavily against a late-stage amendment, in this particular case, the parties

---

[1] HBC is now Hayes, Messina, Gilman & Hayes, LLC.
[2] While the Motorola Razr was released before the P.R. 3-1 deadline, it is functionally identical to the Droid Bionic which was included in Adaptix's original Infringement Contentions.

will not be prejudiced). Courts in the Northern District of California have found good cause to amend infringement contentions based upon products that were released after the original P.R. 3-1 deadline. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012). Moreover, it should be expected that in a patent infringement case, a plaintiff will discover additional products that infringe as discovery progresses. *See 3Com Corp. v. D-Link Sys., Inc.*, 2007 WL 949599, at *7-8 (N.D. Cal. Mar. 27, 2007). Considering the totality of the circumstances, in the case at bar Adaptix has been diligent in amending its Infringement Contentions, and taking into account this Court's August 22, 2013 Order allowing the coordinated defendants to alter the Court's schedule, Motorola cannot show any prejudice whatsoever.

### III.    Argument

Motorola acknowledges that this Court's August 22, 2013 Orders in the -1778 and -2023 cases allowed Adaptix to supplement its Infringement Contentions in all the coordinated California cases to add additional products and claims. However, rather than accepting Adaptix's Supplemental Contentions Motorola instead claims that the Court's Orders do not apply to the Motorola Droid 4, Motorola Razr, and Motorola Xoom products because they were on sale at the time of the original P.R. 3-1 deadline.

As a result of this Court's August 22, 2013 Order allowing the coordinated defendants—Motorola among them—to supplement their invalidity contentions and unilaterally alter the claim construction and other pretrial deadlines, there is no prejudice to Motorola resulting from the addition of the three contested devices. The aforementioned Order allowed Adaptix to add additional devices in all the coordinated cases. With the exception of the Apple cases, in all the coordinated cases as well as the related Texas cases, there existed some products that were available prior to the P.R. 3-1 deadline. This includes -1778, where the issue was extensively briefed, argued and decided. This Court, and Judge Craven in the Texas cases, allowed the addition of the devices on sale at the time of the P.R. 3-1 deadline only after specifically addressing the potential prejudice to defendants by altering the court's schedule accordingly. Motorola cannot now claim it is not similarly situated with respect to the other defendants.

Motorola also cannot claim unfair surprise resulting from the addition of the three contested devices. For example, the Motorola Razr, which admittedly was available before August 10, 2012, is functionally identical to the Motorola Bionic, which was accused in Adaptix's original Infringement Contentions. Essentially, the two phones differ in name only. Similarly, the Motorola Xoom is the predecessor of the Motorola XY Board, which was also accused in Adaptix's original June 2012 Infringement Contentions. As between the Droid Bionic and Droid Razr, the Motorola XY Board and the Motorola Xoom are substantially similar. Other than a slightly faster processor and improved camera and display, the two are functionally equivalent. This is particularly true because the infringing aspects of all the devices are their 4G LTE functionality, which is the exact same in both devices. Accordingly, even though three of the five products sought to be added were on sale before the P.R. 3-1 deadline, the functional equivalent of two out of those three had already been identified as infringing in Adaptix's original Infringement Contentions. Motorola would not be subject to any additional burden as a result of including the contested devices.

In fact, even before the August 22, 2013 Order any perceived delay on the part of Adaptix had been rendered moot because of the consolidation, subsequent separation, and

transfer of the coordinated cases to the Northern District of California. *See Acer, Inc. v. Tech. Props. Ltd.,* 2011 WL 1838768, at *2-*5 (N.D. Cal. Nov. 14, 2011) (delay reasonable when totality of circumstances revealed case was still in its infancy and no gamesmanship intended). Prior to July 24, 2013 both parties were aware that the Court had yet to issue its Case Management Order. Both parties were also aware that in the Joint Coordinated Case Management Statement and Rule 26(f) Report, Adaptix advocated that the Court set July 30, 2013 as the new P.R. 3-1 deadline. (Dkt. No. 64). If the Court accepted this proposal, no motion for leave would have been necessary. Nevertheless, out of an abundance of caution, Adaptix served Motorola with Proposed Supplemental Infringement Contentions so as to sufficiently notify them of Adaptix's infringement allegations. *See STMicroelectronics, Inc.,* 308 F. Supp.2d at 755. Although in receipt of Adaptix's proposed supplements, Motorola maintained that it was inappropriate to address the issue until a schedule was set by this Court. Had Motorola genuinely been concerned about the timing of the disputed products they should have addressed their concerns long before this Court's August 22, 2013 Order. To now allow Motorola to successfully object to the addition of products on sale before August 10, 2012, particularly after having had the benefit of altering the Court's schedule to accommodate such additions, would invite all other defendants to object to the same.

Finally, judicial economy heavily favors allowing supplementation of the Droid 4, Droid Razr and Xoom. *See TiVo, Inc. v. Verizon Commc'ns, Inc.,* 2012 WL 2036313, at *2 (E.D. Tex. June 6, 2012) (noting judicial economy strongly favors allowing amendment to avoid patentee filing new suit just to accuse new product); *Bd. of Treasurers of the Leland Stanford Junior Univ.*, 2008 WL 624771, at *4 ("the court notes that judicial resources will be preserved if the amendment is granted. If this amendment is not allowed, [Plaintiff] will certainly bring a new suit . . . [t]his provides another compelling reason to allow the amendment); *see also 3Com Corp.*, 2007 WL 949599, at *8. Should Adaptix not be allowed to include these three devices in the case at bar, in order to obtain relief it would be forced to file another identical action accusing only the three devices at issue here. This would unnecessarily waste the resources of Adaptix, Motorola and this Court.

### IV.  Conclusion

Therefore, Motorola is similarly situated as to all other defendants with respect to the addition of products on sale at the time of the P.R. 3-1 deadline. This Court's August 22, 2013 Order applies equally to Motorola and provides that Adaptix may add all the newly accused products included in Adaptix's Proposed Supplemental Infringement Contentions served on Motorola in April 2013. Motorola is unable to articulate any prejudice resulting from the proposed additions because none exists. Accordingly, for the foregoing reasons, Adaptix submits that it should be allowed to add the three disputed Motorola devices to its Infringement Contentions.

Respectfully Submitted,

**ADAPTIX, INC.**

Dated: September 11, 2013          By: */s/ Paul J. Hayes*
                                   Paul J. Hayes (*pro hac vice*)

4

Steven E. Lipman (*pro hac vice*)
**HAYES MESSINA GILMAN & HAYES, LLC**
300 Brickstone Square, 9th Floor
Andover, MA 01810
phayes@hayesmessina.com
slipman@hayesmessina.com
Telephone: (978) 809-3850
Facsimile: (978) 809-3869

Christopher D. Banys   (CA Sate Bar: 230038)
Richard C. Lin         (CA State Bar: 209233)
Daniel M. Shafer       (CA State Bar: 244839)
cdb@banyspc.com
rcl@banyspc.com
dms@banyspc.com
**BANYS, P.C.**
1032 Elwell Court, Suite 100
Palo Alto, CA 94303
Telephone:  (650) 308-8505
Facsimile:  (650) 353-2202

**ATTORNEYS FOR PLAINTIFF**
**ADAPTIX, INC.**